**Jacqueline SELPH, Plaintiff-Appellant,**

v.

**COUNCIL OF the CITY OF LOS ANGE- LES et al., Defendants-Appellees.**

**No. 75–2757.**

United States Court of Appeals, Ninth Circuit.

March 22, 1979.

Mason H. Rose (argued), of Nichols & Rose, Beverly Hills, Cal., for plaintiff-appellant.

Daniel U. Smith (argued), Asst. City Atty., Los Angeles, Cal., for defendants-appellees.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

CHAMBERS, Circuit Judge:

The issue before us, and we raise it sua sponte, is whether we have jurisdiction. More specifically, was the district court's order permitting the filing of an untimely notice of appeal valid?

Under Rule 4(a), F.R.A.P., the notice of appeal in this civil case (not involving the United States or its officers or agencies) was required to be filed within 30 days of the entry of judgment. Judgment was entered on April 30, 1975; the notice of appeal was due on or before May 30, 1975. Appellants filed a motion for an extension of time on June 10, 1975, seeking relief under the portion of Rule 4(a) that states:

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

The motion was filed within the 30-day extension period and was timely. However, the hearing was noticed for July 7, several days after the expiration of the 30-day extension period. The motion was heard on July 7 and the relief granted. The notice of appeal was filed on July 10, 1975, or 71 days after entry of judgment and 11 days after the expiration of the extension period.

■ The language of the rule is not ambiguous. The notice of appeal should have been filed within 30 days of the entry of judgment or within 60 days of entry of judgment if the court granted an extension of time within the terms of Rule 4(a).

The provisions of Rule 4(a) are mandatory and jurisdictional, *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Saunders v. Cabinet Makers and Millmen*, 549 F.2d 1216 (9th Cir. 1977).

■ The district court had no authority to grant an extension of time beyond the provisions of that rule. *Smith v. United States*, 425 F.2d 173 (9th Cir. 1970). Specific rules for the finality of judgments are essential to maintain order in the judicial process. Rule 4(a) is construed to protect this value; any other construction would defeat its purpose. *Browder v. Director, Illinois Department of Corrections*, supra.

■ We must distinguish this case from those in which a notice of appeal is submitted within the extension period of Rule 4(a) and later rendered timely by an order of the district court (made after the extension period had expired) to file it nunc pro tunc. *Stirling v. Chemical Bank*, 511 F.2d 1030 (2nd Cir. 1975); *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084 (3rd Cir. 1972); *C–Thru Products, Inc. v. Uniflex, Inc.*, 397 F.2d 952 (2nd Cir. 1968); *Karstetter v. Cardwell*, 399 F.Supp. 1298 (D.Ariz.), aff'd. 526 F.2d 1144 (9th Cir. 1975). In this case appellants did not file the notice of appeal until after the expiration of the extension. There was, as a result, no notice of appeal before the district court that could be rendered timely by the order granting the extension of time. *United States v. Stolarz*, 547 F.2d 108, 112 (9th Cir. 1976). *Smith v. United States*, supra; *Dyotherm Corp. v. Turbo Machine Co.*, 434 F.2d 65 (3rd Cir. 1970).

■ Appellants argue that even though no notice of appeal was filed until after the

expiration of the extension period provided by Rule 4(a), their notice of motion for relief from untimely filing (filed within the extension period) should be deemed by us to be a notice of appeal. But this Court has no authority under Rule 4(a) to extend the time for filing a notice of appeal. Moreover, this case simply cannot be equated with those few criminal appeals or collateral attacks on criminal convictions, presenting different factual situations, in which extraordinary relief has been granted. See e. g. *United States v. Stolarz,* supra, at 111–112; *United States v. Hoye,* 548 F.2d 1271 (6th Cir. 1977). We therefore reject appellants' suggestion that their motion for extension of time should be construed as a notice of appeal.

█ Our difficulties with the district court's order granting relief and permitting the filing of a notice of appeal do not end here. Under Rule 4(a), an extension of time is permissible only on a showing of "excusable neglect." The standard for determining what is excusable, and what is not, is a "strict" one, according to the Advisory Committee on Appellate Rules of the Judicial Conference of the United States.[1]

The order of the district court in this case makes no finding of excusable neglect. It recites only that the motion has been heard and is granted, "provided the notice of appeal is filed prior to 4 p. m. on July 11, 1975." Had the district court order found that excusable neglect existed, we might have afforded that finding "great deference". *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). But even granting it such deference, we would have had to conclude that the neglect in this case was *not* excusable.

Counsel's affidavit, offered in support of the motion for relief, admits that notice of entry of judgment was received immediately. A month later, having discovered that the 30-day period for appeal had already expired, he asked his law clerk to investigate obtaining relief from the default. The law clerk called the office of the clerk of the district court and was told that the trial judge was out of town.[2] Ten days later on June 10, 1975, the attorney submitted his motion, noticing it for hearing on July 7, 1975. Even at this late date in June, the motion could have been noticed for the minimum time specified by Rules of the Central District of California and it could have been heard and determined before the 30-day extension of time permitted by Rule 4(a) had expired. In addition, the Rules of the Central District provide for orders shortening time, but we find no evidence of any application for such relief.

The reasons given by counsel for his neglect are that on March 1, 1975, (two months before entry of judgment) he had left the firm with which he had been associated and had entered a partnership with another attorney. He states that the confusion of moving his office disrupted normal calendaring practices. This does not constitute excusable neglect. *Schroeder v. Federal National Mortgage Ass'n.,* 574 F.2d 1117 (1st Cir. 1978); *Airline Pilots, etc. v. Executive Airlines, Inc.,* 569 F.2d 1174 (1st Cir. 1978). Counsel also states that his two-man law office "has been extremely pressed with legal matters" representing other clients. He states that the press of business "distracted" him from filing a timely appeal. But that is not excusable neglect.

1. The Advisory Committee, discussing the amendment of former Rule 73, F.R.Civ.P., in 1966, noted that an extension of time had formerly been permissible only on a showing of excusable neglect in failing to learn that judgment had been entered. The 1966 amendment deleted this limiting language and made relief available generally for excusable neglect. The Advisory Committee commented that it was "intended that the standard for excusable neglect remain a strict one." Later, when Rule 4(a) was in process of adoption, the Notes of

the Advisory Committee noted that Rule 4(a) was "derived from F.R.Civ.P. Rule 73(a) without any change of substance." The notes are entitled to weight in ascertaining the meaning of the Rules. *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185; *Maryland Cas. Co. v. Conner,* 382 F.2d 13, 16 (10th Cir. 1967).

2. Throughout most of 1975 there were 15 active district judges and four senior district judges of the Central District of California.

*Tucker Products Corp. v. Helms*, 171 F.2d 126 (9th Cir. 1948); *Maryland Cas. Co. v. Conner*, supra; *United States v. Bowen*, 310 F.2d 45 (5th Cir. 1962); *Maghan v. Young*, 80 U.S.App.D.C. 395, 154 F.2d 13 (1946). The term excusable neglect "is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case." *Maryland Cas. Co. v. Conner*, supra at 16–17, quoting Stern, "Changes in Federal Appellate Rules", 41 F.R.D. 297, 298–299.

The appeal is dismissed.