In re Alan GARTHWAITE and Evelyn Garthwaite, Debtors.

INDEPENDENCE BANK, a California corporation, Plaintiff and appellee,

v.

Alan GARTHWAITE and Evelyn Garthwaite, Defendants and appellants.

BAP No. CC–81–1256HVK.
Bankruptcy No. LA–81–03872RO.
Adv. No. LA–81–2900RO.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Oct. 30, 1981.

Decided Nov. 18, 1981.

Arthur S. Kahn, Beverly Hills, Cal., for defendants and appellants.

Merrill R. Francis, David J. McCarty, Sheppard, Mullin, Richter & Hampton, and Norris J. Bishton, Jr., Berris, Seton & Bishton, Los Angeles, Cal., for plaintiff and appellee.

Before HUGHES, VOLINN and KATZ, Bankruptcy Judges.

## MEMORANDUM

■ The question raised by this appeal is whether the bankruptcy court may permit a notice of appeal to be filed more than 30 days after entry of an order or judgment. We hold, on the authority of *Selph v. Council of Los Angeles*, 593 F.2d 881 (9th Cir. 1979), that it may not. Accordingly, we dismiss as moot the appeal before us.

### I

This appeal is from an order made on September 17 denying debtors' request for an extension of time to file an appeal from an order entered on August 14. The August 14 order dissolved the automatic stay of 11 U.S.C. § 362 and permitted foreclosure of debtors' real property.

The August 14 order itself has not been appealed, apparently on the assumption that it could not be filed until an extension of time had been granted pursuant to Bankruptcy Rule 802(c).

That assumption was erroneous.

Bankruptcy Rule 802(a) provides a 10-day period from entry of judgment during which to take an appeal. This period may be extended by the trial judge for an additional 20 days. Bankruptcy Rule 802(c). As the Advisory Committee Note to Rule 802 states, "the maximum time allowable under this rule for filing a notice of appeal is 30 days after the entry of the judgment or order appealed from ..."

The 30-day period expired on September 14 (September 13 being a Sunday).

■ Debtors suggest that Rule 802 need not be read literally if (as here) the request

for extension of time is not heard until after expiration of the 30-day period. They also suggest that their request for an extension (which was filed within the 30-day period) may be treated as a notice of appeal.

The same arguments were rejected in *Selph*, supra.

## II

Bankruptcy Rule 802 is derived from Rule 4(a) of the Federal Rules of Appellate Procedure. The *Selph* court construed Rule 4(a) as mandatory and jurisdictional.

In *Selph*, a request for extension of time was heard after expiration of the maximum time allowable for taking an appeal. The trial court granted the extension even though no notice of appeal had been filed within the maximum period. The circuit court held that this order was invalid and that the trial court had no authority to grant it.

In so ruling the Ninth Circuit distinguished cases "in which a notice of appeal is submitted within the extension period of Rule 4(a) and later rendered timely by an order of the district court (made after the extension period had expired) to file it nunc pro tunc."

The court of appeals also squarely rejected the contention in *Selph* that the motion for an extension of time should be deemed a notice of appeal.

## III

Debtors' failure to file a notice of appeal prior to expiration of the 30-day period having deprived the trial court of authority to extend the time, it is not necessary to address other contention of the debtors.

The appeal is dismissed.