**In re BOTANY INDUSTRIES, INC., H Daroff & Sons, Inc., Bankrupts.**

Bankruptcy Nos. 72–273G, 72–274G.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 27, 1982.

See also 17 B.R. 631.

Sidney Chait, Adelman & Lavine, Philadelphia, Pa., for trustees.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., Harry S. Sylk, Merion, Pa., Successor trustees.

Richard M. Zinner, Friedman & Atherton, Boston, Mass., Special Counsel re litigation against The First Nat. Bank of Boston.

Howard F. Cerny, New York City, for Botany Industries, Inc., H. Daroff & Sons, Inc. and Michael Daroff, Objectors.

Wachtell, Lipton, Rosen & Katz, New York City, for the Creditors' Committee, Botany Industries, Inc.

Hahn, Hessen, Margolis & Ryan, New York City, Sklar, Pearl, Lichtenstein & Sklar, Lawrence J. Lichtenstein, Philadelphia, Pa., for the Creditors' Committee, H. Daroff & Sons, Inc.

Harry Norman Ball, Philadelphia, Pa., for the Bankrupts, Botany Industries, Inc. H. Daroff & Sons, Inc.

Stuart Savett, Kohn, Savett, Marion & Graf, Philadelphia, Pa., for Botany Industries, Inc. Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue involved in this case is a simple one, made complex only by the refusal of the attempted appellants to comprehend the clear and unequivocal opinions of the district courts and the courts of appeals.

This has never been a complex case. But it has been a case in which the losers have never been satisfied with their losses. And so they have, virtually each step of the way, lost and appealed, and lost and appealed, *ad infinitum*. In some cases their loss (at the

level of the bankruptcy court) was appealed to the district court (where they lost again). In some of these cases they appealed to the Court of Appeals (and lost). And in at least one instance, they endeavored to appeal to the United States Supreme Court, but were denied certiorari.

One might think that enough is enough. One might think that, the issues and the parties involved being the same, the doctrine of res judicata would apply. But the appellants refuse to bow to the inevitable, and seek again to appeal. This time they have erred procedurally and, we hold, fatally.

▆▆▆ These are the simple uncontroverted, inescapable facts.[1] On February 5, 1982, we entered an order dismissing objections filed by Michael Daroff and the bankrupts ("the objectors") to the trustee's final account and to the various applications for allowances. 17 B.R. 631, Bkrtcy. This order was mailed on the date of its issuance to all parties in interest, including the objectors' counsel. Rule 802(a) of the Rules of Bankruptcy Procedure provides that:

> The notice of appeal shall be filed with the referee (the bankruptcy judge) within 10 days of the date of the entry of the judgment or order appealed from ...

That 10-day period expired on February 15, 1982. No appeal was filed on or before that date. Instead, the objectors sought additional time by invoking the provisions of Rule 802(c) which reads

> The referee (the bankruptcy judge) may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.

It is clear that the attorney for the objectors misread this section because, on March 8, 1982 (the very last day of the extension period) he filed, *not a notice of appeal*, but a motion for "an extension of time to appeal the opinion and order of the Hon. Judge Goldhaber, dated February 5, 1982."

The objectors concede (in Paragraph 4 of their Motion for Extension of Time to File an Appeal) that they failed to "file a notice of appeal within the 10-day time limitation mandated by the Bankruptcy Rules. However (they argue) the Bankruptcy Rules permit the filing of a motion for an additional twenty (20) days to file a notice of appeal, provided there is a showing of excusable neglect."

The objectors' claim of "excusable neglect" turns out, upon examination, to be the product of sophistry and specious reasoning. Lest it lose something in our translation, we quote verbatim from Paragraphs 5 and 6 of the motion for an extension of time to file an appeal filed by the objectors' attorney:

> 5. The order by its terms was signed on February 5, 1982 and presumably immediately mailed out to this office. February 5, 1982 was a Friday. If the United States Postal System was working at peak efficiency it may have been received in my office no later than February 8, 1982. Assuming that it was received in my office, unfortunately I did not retain the envelope it would have taken me at least one (1) day to review the opinion and then contact my clients. This is perhaps a danger of long distance litigation, but the Bankruptcy Court's territorial jurisdiction creates long distance litigation.
>
> 6. The court having mailed its decision on February 5, 1982 not sure that it would arrive in New York any earlier than the 8th or the 9th should have been aware that by the following weekend February 12th through the 15th was a

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

four (4) day holiday celebrated by both the State of New York and the Federal Government. It would have been impossible to file a notice of appeal on February 15, 1982 under the "ten (10) day" jurisdictional rule. In effect, the mailing of the court's decision on February 5th keeping in mind the inconsistencies of our mailing system and the four (4) day holiday that was to follow gave my client approximately three (3) days to review the opinion and come to a decision as to whether they would or would not appeal.

We hold as a matter of law that the facts set forth in the above motion, do not constitute "excusable neglect." On the contrary, we find that they constitute *in*excusable neglect.

But assuming, *arguendo*, that the facts stated by the appellants' counsel do constitute excusable neglect, there exists an even more compelling reason for denying the appeal. It is their *failure to file a notice of appeal* within the 10-day original and the 20-day extension period. This very issue has been decided, time and again, by the appellate courts and is crystal clear to all except the objectors in this case.

The third Circuit case of *Dyotherm Corporation v. Turbo Machine Company*, 434 F.2d 65 (CCA3, 1974) is precisely on point. In that case, involving an appeal from an order by the district court, the appellant had 30 days in which to appeal. It filed no appeal but, instead, filed a motion for an extension of time to file an appeal. Said the court:

> However, within the succeeding 30 days plaintiff filed what amounted to a motion for an extension of time to file a notice of appeal. It alleged excusable neglect . . . To the extent the extension exceeded 30 days . . . it was a nullity . . . The appeal must therefore be dismissed unless, as plaintiff contends, its application for an extension of time for filing a notice of appeal can itself be considered such a notice. We think it cannot.

The Court of Appeals for the Second Circuit, in *In re Orbitec Corporation*, 520 F.2d 358 (CCA2, 1975), and the Court of Appeals

for the Ninth Circuit, in *Selph v. Council of Los Angeles*, 593 F.2d 881 (CCA9, 1979) expressly cited *Dyotherm* in ruling that, unless a *Notice of Appeal* is filed within the extension period, no appeal can be taken *no matter how excusable the neglect.* What is more, all three Courts of Appeals unequivocally held that an *application* for an extension of time to file an appeal cannot be considered as the equivalent of a *Notice of Appeal.*

Because we find that there was no excusable neglect which would entitle the objectors to an extension of time to file an appeal, because we are bound by the Third Circuit decision in *Dyotherm*, because we are impressed by the rationale in [*In re*] *Garthwaite*, [15 B.R. 305] *Selph* and *Orbitec*, and because we conclude as a matter of law that no appeal has ever been filed in this case, we sustain the trustee's Motion to Dismiss the motion of the objectors for an extension of time to file a Notice of Appeal of our order of February 5, 1982.