In the Matter of Paul Adrian THOMAS, Debtor(s).

Bankruptcy No. 85–314.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 30, 1986.

Darryl R. Richards, for debtor.

George T. Rita, of U.S. Attys'. Office, Lynne L. England for United States Government.

Brian Blue, Tax Examining Asst. Internal Revenue Service.

## ORDER ON MOTION TO VACATE THE ORDER OF JULY 18, 1986

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion to Vacate the Order of July 18, 1986, filed by the United States of America, Internal Revenue Service (Government). The Government alleges that because it did not receive notice of this Court's Order on Objection to Claim entered July 18, 1986, that Order should be vacated and then re-entered in order to give the Government an opportunity to file a timely notice of appeal. The Court has considered the Motion together with the record, heard argument of counsel, and finds as follows:

On July 18, 1986, this Court entered an Order on Objection to Claim, sustaining an Objection to Claim filed by Paul Adrian Thomas, the Debtor (Debtor), and disallowing a claim filed by the Government. Although the Order reflects that the clerk served all parties of interest with a copy of the Order, neither the Debtor, the Debtor's attorney, nor the Government received a copy of the Order. It is without dispute, however, that the Government learned of the entry of the Order on August 12, 1986. On August 25, 1986, the Government filed the Motion to Vacate, which is the motion under consideration by this Court at this time.

Bankruptcy Rule 8002(a), deals with time for filing a notice of appeal and provides as follows:

(a) Ten-day period. The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of that court or the clerk

of the appellate panel shall note thereon the date on which it was received and transmit it to the clerk of the bankruptcy court and it shall be deemed filed in the bankruptcy court on the date so noted.

■ The time provisions set forth in B.R. 8002 are strictly enforced. Section 39(c) of the Bankruptcy Act, from which current B.R. 8002(a) is derived, also provided that any petition for review must be filed within ten days of the entry of the order or within an extension granted within such ten-day period. Case law construing § 39(c) of the Act gave literal effect to and mandated inflexible application of the ten-day period, holding that the Congressional intent behind § 39(c) was to rigidly enforce the prescribed period. *St. Regis Paper Co. v. Jackson,* 369 F.2d 136 (5th Cir.1966); *Goff v. Pfau,* 418 F.2d 649 (8th Cir.1969). Even the failure to receive notice of the order "does not relieve [a party] of the strict interpretation of § 39 intended by Congress." *Matter of General Insecticide Co.,* 403 F.2d 629 (2d Cir.1968). This rigid enforcement is justified by the "peculiar demands of a bankruptcy proceeding," primarily the need for expedient administration of the Bankruptcy estate, aided by certain finality of orders issued by the Court in the course of administration. *St. Regis Paper Co., supra,* at 141.

> [F]inality in bankruptcy is more than a question of when the proceeding will end; it is a question of how successful the proceeding will have been when it does end.... In some cases the inflexibility of § 39(c) is an unfortunate characteristic, but its existence has demonstrable validity.

*St. Regis Paper Co., supra,* at 142.

The Congressional intent that the ten-day period for filing petitions for review was carried through to the Bankruptcy Rules. This intent is clearly evident in B.R. 9022(a), which provides that even the "lack of notice of the entry [of an order or judgment] does not affect the time to appeal or relieve or authorize the Court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."

The exception in Rule 8002(c) noted above provides that:

> (c) Extension of time for appeal. The bankruptcy court may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter or the Code.

The Government supports its Motion to Vacate by a recent Eleventh Circuit Court of Appeals decision in which the Court of Appeals affirmed a District Court decision to vacate and re-enter an order in order to avoid "manifest injustice worked by a rigid application of the provisions of Rule 77(d)," of which B.R. 9022(a) is an adaptation. *Harnish v. Manatee County, Fla.,* 783 F.2d 1535, 1538 (11th Cir.1986).

■ Although this decision is undeniably the law of this circuit governing civil cases, the circumstances of the case now before this Court make *Harnish* distinguishable and also inapplicable. First, as noted earlier, it is clearly the intent of Congress that B.R. 8002 be strictly enforced. There is corresponding mandate in the rules governing general civil cases, which *Harnish* was. Second, even if *Harnish* were applicable, in *Harnish* the parties did not receive notice of the Court's action until more than three months after the Order was entered. In this case, by its own admission, the Government received notice on August 12, 1986, well within the time period to obtain an extension of time within which to file an ap-

peal as provided by B.R. 8002(c). Had the Government acted promptly it would not have been prejudiced by its failure to receive notice of the July 18, 1986, Order. Furthermore, the Government conceded that it was aware of the extension of time provided by B.R. 8002(c), but nonetheless failed to file a motion to extend the time within which to file an appeal and did not offer a plausible excuse for failing to do so. Based on the foregoing, this Court is satisfied that because of the mandate of B.R. 8002(c) and 9022(a), and because the Government did not avail itself of the extension of time to file an appeal provided by B.R. 8002(c), there is no manifest injustice in allowing the Order of July 18, 1986, to stand, and the Motion to Vacate should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate the Order of July 18, 1986, be, and the same is hereby, denied.