EUGENE A. WRIGHT, Circuit Judge:
 

 This case involves a notice of appeal that was filed late. The appellant asks us to forgive its error by making new law. We decline.
 

 FACTS
 

 The trustee in bankruptcy for Nucorp Energy, Inc., brought suit against Jericho-Britton. Bellmon intervened as a plaintiff. The bankruptcy court entered a default judgment against Jericho-Britton, which moved for relief. The bankruptcy court denied that and a subsequent motion for reconsideration and entered a final order on March 4, 1986. Jericho-Britton filed its notice of appeal with the district court on March 17, 1986. Bellmon moved to dismiss because the notice of appeal was filed late. The district court agreed and dismissed.
 
 DISCUSSION
 

 Under Bankruptcy Rule 8002(a), the deadline for filing a notice of appeal is “within 10 days of the date of the entry of judgment.” 11 U.S.C. § 8002(a) (1982). That deadline is calculated under Rule 9006(a), which
 
 excludes
 
 the day upon which judgment was entered but
 
 includes
 
 the tenth day, unless it falls on a weekend or a legal holiday, in which case the deadline is extended to the next day that is not on a weekend or a holiday. 11 U.S.C. § 9006(a) (1982).
 

 The bankruptcy court entered its default judgment on Tuesday, March 4, 1986. Under section 9006(a), Jericho-Britton’s deadline for filing a notice of appeal was Friday, March 14, 1986. It filed its notice of appeal on Monday, March 17, missing the deadline.
 

 Jericho-Britton concedes this, but argues that instead of 9006(a), Federal Rule of Civil Procedure 6(a) should be used to calculate the filing deadline. Rule 6(a) is the same as 9006(a), but excludes weekends and holidays if the filing period is less than 11 days. Under that rule, the notice of appeal would be timely.
 

 Jericho-Britton contends that using Rule 6(a) would be consistent with the policies of the Federal Rules of Civil Procedure and the Bankruptcy Code. A policy behind Rule 6(a) is to avoid hardship on parties facing a rigid 10-day filing period. Jericho-Britton argues that because Bankrupt
 
 *584
 
 cy Rule 8002(a) has a rigid 10-day filing period, Rule 6(a) should apply.
 

 Bankruptcy Rule 8002 is not rigid. It avoids potential hardship by specifically providing deadline extensions. A party may receive an extension up to 20 days if requested within the 10-day filing period. If a party misses that deadline, in certain cases he may still receive an extension upon request within 20 days of the deadline if he can show “excusable neglect.” 11 U.S.C. § 8002(c). Jericho-Britton did not do so.
 

 Outside these exceptions, “[t]he time provisions in Bankruptcy Rule 8002 are strictly enforced.”
 
 Matter of Thomas,
 
 67 B.R. 61, 62 (Bankr.M.D.Fla.1986). “This rigid enforcement is justified by the ‘peculiar demands of a bankruptcy proceeding,’ primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration.”
 
 Id.
 
 (quoting
 
 St. Regis Paper Co. v. Jackson,
 
 369 F.2d 136, 141 (5th Cir.1966)).
 

 This court has noted that “untimely filing of the notice of appeal is jurisdictional.”
 
 In re Souza,
 
 795 F.2d 855, 857 (9th Cir.1986). Consequently, the 10-day requirement is strictly construed.
 
 Id.
 

 Jericho-Britton argues that Rule 9006(a)’s predecessor, Rule 906(a), specifically adopted Rule 6(a).
 
 In re B & M Contractors,
 
 2 B.R. 110, 112 (Bankr.N.D.Ala.1979).
 

 Although
 
 In re B & M Contractors
 
 did so state, it preceded the 1985 amendment to Rule 6(a), which added the language that Jericho-Britton uses to argue for its extension. Further, Rule 906(a) has been replaced by Rule 9006(a), and there is no authority that the latter adopts Rule 6(a).
 

 AFFIRMED.