947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred STADLBERGER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-16411.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 29, 1991.*
Memorandum Disposition Filed April 29, 1991.
Memorandum Disposition Withdrawn Oct. 24, 1991.**
Decided Oct. 24, 1991.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Fred Stadlberger appeals from the district court's denial of his motion for an extension of time in which to file a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Under Federal Rule of Appellate Procedure 4(a)(5), "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal...." Fed.R.App.P. 4(a)(5). "In this circuit, the standard for determining excusable neglect is a strict one.... Inadvertence or mistake of counsel, including that attributable to office staff, does not constitute excusable neglect." Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir.1986) (quotations omitted).
 
 
 4
 Here, Stadlberger's notice of appeal was untimely filed on July 5, 1990.[1] Stadlberger, however, filed a timely motion for an extension of time in which to file his notice of appeal pursuant to Rule 4(a)(5).[2] Stadlberger's attorney, Joseph E. Powell, cites the following events as excusable neglect for his failure to timely file a notice of appeal by July 3, 1990: (1) the October 17, 1989 earthquake which forced Powell to relocate his home/office from San Francisco's Marina District, (2) the birth of Powell's child in April 1990, and (3) a second relocation of his office in June of 1990. None of these events, however, constitutes excusable neglect for his failure to timely file a notice of appeal by July 3, 1990.
 
 
 5
 First, Powell acknowledges that by February 1990 he had been able to relocate his office and to reassemble his materials in this case sufficiently to file a motion for summary judgment and to respond to the government's cross-motion for summary judgment.
 
 
 6
 Second, Powell's daughter was born on April 16, 1990, over two and one-half months before the time for the notice of appeal expired on July 3, 1990.
 
 
 7
 Third, Powell's misplacement of his files in this case during this second relocation of his office does not constitute excusable neglect. See Selph v. Council of City of Los Angeles, 593 F.2d 881, 883 (9th Cir.1979) ("[t]he reasons given by counsel for his neglect are that ... the confusion of moving his office disrupted his normal calendaring practices. This does not constitute excusable neglect"), overruled on other grounds, United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265 (9th Cir.1985).
 
 
 8
 Given these facts, the district court did not abuse its discretion by finding that Powell's excuses fall into the category of attorney inadvertence or mistake and do not constitute excusable neglect. See Alaska Limestone Corp., 799 F.2d at 1411; Selph, 593 F.2d at 883.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The appellant's petition for rehearing is granted. The unpublished memorandum disposition filed on April 29, 1991 is hereby withdrawn, and the attached memorandum disposition is filed in its stead
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3