HATFIELD, District Judge:
W. Bartley Anderson appeals from the Bankruptcy Appellate Panel’s (“BAP”) order dismissing his appeals from the bankruptcy court for lack of jurisdiction. The BAP held Anderson’s notices of appeal were not filed within the thirty day period provided by Rule 8002(c), Fed.R.Bankr.P. We affirm.

BACKGROUND

On August 21, 1991, the bankruptcy court issued a final order disallowing Anderson’s administrative claims against the debtors’ bankruptcy estates.[1] On September 18, *327 1991, Anderson moved the bankruptcy court, pursuant to Rule 8002(c), to extend the time for filing notices of appeal. The bankruptcy court eventually entered an order on November 5, 1991, granting Anderson until November 8, 1991, within which to file the notices. Anderson filed notices of appeal on November 7, 1991.
On March 27, 1992, the BAP entered a conditional order of dismissal, raising, sua sponte, a jurisdictional question concerning the timeliness of the notices of appeal. On May 13, 1992, Anderson filed a motion requesting the BAP afford him relief under the “unique circumstances” doctrine.
On May 19, 1992, the BAP entered a final order dismissing the appeals for lack of jurisdiction. The BAP determined Bankruptcy Rule 8002(c), on its face, limits the period of time a bankruptcy court may extend the deadline for filing a notice of appeal. The order did not address Anderson’s requests for relief under the “unique circumstances” doctrine.

DISCUSSION

I
The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order. Matter of Mullis, 79 B.R. 26, 27 (D.Nev.1987), citing, In re Souza, 795 F.2d 855, 857 (9th Cir.1986); Matter of Ramsey, 612 F.2d 1220, 1222 (9th Cir.1980). “This rigid enforcement is justified by the “peculiar demands of a bankruptcy proceeding,” primarily the need for expedient administration of the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration.” In re Nucorp Energy, Inc., 812 F.2d 582, 584 (9th Cir.1987), quoting, Matter of Thomas, 67 B.R. 61, 62 (Bankr.M.D.Fla.1986).
Pursuant to Bankruptcy Rule 8002(a),[2] Anderson’s notices of appeal were due on or before August 31, 1991 — ten days from the date the bankruptcy court denied his administrative claims. However, under Bankruptcy Rule 8002(c), a motion to extend the time for filing a notice of appeal made no more than twenty days after the expiration of the ten day period may be granted upon a showing of excusable neglect. In re Martinez, 97 B.R. 578, 579 (9th Cir. BAP 1989), affirmed by, Martinez v. Peelle Financial Corp., 919 F.2d 145 (9th Cir.1990). Bankruptcy Rule 8002(c) provides:
(c) Extension of time for appeal. The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect....
On September 18, 1991, Anderson moved the bankruptcy court, pursuant to Rule 8002(e), to extend the time for filing the notices of appeal due to excusable neglect. Anderson’s motion was made within “20 days after the expiration of the time for filing a notice of appeal [August 31, 1991]” and, as a result, was timely filed. The bankruptcy court concluded Anderson had established “excusable neglect” and, on November 5, 1991, extended the time for filing the notices of appeal to November 8, 1991 — seventy-nine days after the bankruptcy court’s initial order.
Bankruptcy Rule 8002(c), however, limits the period of time a bankruptcy court may extend the deadline for filing a notice of appeal. Rule 8002(c) prohibits an extension *328 that exceeds “20 days from the expiration of the time otherwise prescribed by this rule.” Rule 8002(e), Fed.R.Bankr.P. The “time otherwise prescribed” by Rule 8002(c) is (1) the ten day period established in Rule 8002(a); or (2) ten days from the date of disposition of certain motions, as set forth in Bankruptcy Rule 8002(b).[3]
Consequently, even though the bankruptcy court granted Anderson’s request for an extension, the notices of appeal had to have been filed no later than thirty days after entry of the order denying the administrative claims. See, In re Martinez, supra, 97 B.R. at 579, citing, Bankruptcy Rule 8002(c). See also, Martin v. Bay State Milling Co., 151 B.R. 154, 156 (N.D.Ill.1993), citing, Collier on Bankruptcy, ¶ 8002.07 (15th Ed.) (“[t]he wording of Rule 8002(c) makes it clear that once 30 days have expired from the entry of the order, no appeal may ever be taken, even upon a showing of excusable neglect.”). The bankruptcy court’s delay in ruling on Anderson’s timely motion for an extension does not prompt a different result. The bankruptcy court was not free to extend the time for filing a notice of appeal beyond September 21, 1991 — twenty days from the expiration of the ten day period established in Rule 8002(a).
Support for this admittedly harsh result is found in the cases interpreting Fed.R.App.P. 4(a)(5), the analog to Rule 8002(c). This court, in Selph v. Council of Los Angeles, 593 F.2d 881 (9th Cir.1979), held the provisions of Rule 4(a), Fed.R.App.P.[4], “are mandatory and jurisdictional” and, consequently, the “district court had no authority to grant an extension of time beyond the provisions of that rule.” 593 F.2d at 882 (citations omitted). In Selph, a motion for extension of time for filing a notice of appeal was filed within the 30-day extension period permitted by Rule 4(a) but was not granted until after the expiration of the extension period. This court raised, sua sponte, the issue of jurisdiction and dismissed the appeal, finding the language of Rule 4(a) was not ambiguous and, as a result, the notice of appeal “should have been filed within 30 days of the entry of judgment or within 60 days of entry of judgment if the court granted an extension of time within the terms of Rule 4(a).” 593 F.2d at 882. The court further rejected the argument that the motion for extension of time be construed as a notice of appeal. 593 F.2d at 883.
Rule 4(a) was amended in 1979 to permit a district court to rule on a timely filed extension request after the extension period has expired. If the extension period has expired, the court is now authorized to grant a ten day extension period from the date the request is granted.
The district court, upon a showdng of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)....

No such extension shall exceed SO days past such prescribed time or ten days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.App.P. 4(a)(5) (emphasis added).
Rule 4(a)(5), as amended, would abrogate the court’s ultimate decision in Selph. Nevertheless, the rationale employed by the court remains instructive, given the fact Bankruptcy Rule 8002 is taken directly from Fed.R.App.P. 4. Because Bankruptcy Rule 8002(c) contains no savings provision like the one found in Rule 4(a)(5), a notice of appeal from a bankruptcy court decision must neces *329 sarily be filed within 20 days from the expiration of the time prescribed by Rule 8002. Consequently, the BAP correctly determined Anderson’s appeals were untimely, since the bankruptcy court could not extend the time for Anderson to file his notices of appeal until November 8, 1991.
II
Anderson asserts the BAP erred in failing to afford him relief under the “unique circumstances” doctrine.[5] The Supreme Court articulated the unique circumstances doctrine in three per curiam decisions, see, Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); Harris Truck Lines v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and recently revisited it in Osterneck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). In re Slimick, 928 F.2d 304, 309 (9th Cir.1990). Under the doctrine of unique circumstances, an appellate court may consider an untimely appeal where “a court has affirmatively assured a party that its appeal will be timely.” Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir.1992), quoting, Slimick, supra, 928 F.2d at 310. See also, Osterneck, supra, 489 U.S. at 179, 109 S.Ct. at 993 (unique circumstances exist “only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done”).
In the instant action, Anderson contends that had he received a Notice of Entry of Judgment that accurately reported the date of entry of the bankruptcy court’s order, his notices of appeal would have been filed within the ten day period of Rule 8002(a). Relying upon this court’s decision in California v. Tahoe Regional Planning Agency, 766 F.2d 1316 (9th Cir.1985), Anderson asserts he was entitled to rely on the bankruptcy court’s incorrect notice. In Tahoe Regional Planning, the appellant delayed filing its notice of appeal for thirty-seven days after the district court orally denied its motion for modification of a preliminary injunction, anticipating the court would enter a final written order. This court applied the unique circumstances doctrine and heard the appellant’s otherwise untimely appeal. 766 F.2d at 1318.
In the instant action, the notice Anders received apprised him that the ten day period of Bankruptcy Rule 8002(a) had expired. Consequently, there was no affirmative assurance by the bankruptcy court that Anderson’s appeal would be timely. Rather, the notice effectively advised Anderson that he would need to seek an extension of time for filing a notice of appeal, pursuant to Rule 8002(c), due to excusable neglect. Accordingly, the unique circumstances doctrine affords Anderson no relief.

CONCLUSION

The BAP correctly determined Anderson’s appeals were technically untimely and that no unique circumstances warranted their allowance. Accordingly, the BAP’s orders dismissing Anderson’s appeals are AFFIRMED.

. It is beyond dispute that the bankruptcy court clerk did not send the notice of entry of the bankruptcy court's order as required by Bank.R. 9022(a). Rather, counsel for the creditor's com *327 mittee mailed the notice, which Anderson received on August 29, 1991. It is also undisputed that the notice erroneously reported that the ap-pealable order had been entered on August 19, 1991. Consequently, when Anderson received the notice it appeared, on its face, that the last day to file a notice of appeal was August 29, 1991, rather than August 31, 1991.

. Rule 8002(a) provides:
Ten day period. The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from....

. Bankruptcy Rule 8002(b) provides:
Effect of motion on time for appeal. If a timely motion is filed by any party: (1) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (2) under Rule 9023 to alter or amend the judgment; or (3) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed.

. Rule 4(a), Fed.R.App.P., provided:
Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of time otherwise prescribed....

. Recent Supreme Court decisions have cast doubt upon the viability of the unique circumstances doctrine. Four Justices rejected the doctrine in a dissent. See Houston v. Lack, 487 U.S. 266, 282, 108 S.Ct. 2379, 2388, 101 L.Ed.2d 245 (1988) (Scalia, J., joined by Rehnquist, Ch.J., and O'Connor and Kennedy, JJ., dissenting) ("Our later cases ... effectively repudiate the Harris Truck Lines approach, affirming that the timely filing of a notice of appeal is mandatory and jurisdictional”). Other courts have questioned its continuing vitality. See, e.g., Pinion v. Dow Chemical, 928 F.2d 1522, 1529 (11th Cir.), cert. denied, - U.S. -, 112 S.Ct. 438, 116 L.Ed.2d 457 (1991), and cases cited therein; Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1562 (7th Cir.1990). Nevertheless, because the Court refrained from repudiating the doctrine in Ostemeck and, to date, has not otherwise explicitly overruled it, we are bound by our case law to apply it.