NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In the Matter of: COBALIS CORPORATION, <br><br> Debtor, <br><br> ———————————————— <br><br> COBALIS CORPORATION and MONTENEGREX, by Rey Olsen, <br><br> Appellants, <br><br> v. <br><br> YA GLOBAL INVESTMENTS LP and WENETA M.A. KOSMALA, Chapter 7 Trustee in Bankruptcy, <br><br> Appellees. | No. 14-56676 <br><br> D.C. No. 8:14-cv-00077-JLS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 9, 2016
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON, DAVIS[**], and OWENS, Circuit Judges.

Appellants Cobalis Corporation and Montenegrex appeal from the district court's order affirming the bankruptcy court's dismissal of Cobalis' adversary proceeding against Appellees YA Global Investments LP and Weneta M.A. Kosmala. As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

1. In 2006, Cobalis agreed to borrow $3.85 million from YA Global. In 2007, after Cobalis failed to comply with the terms of the financing agreement, YA Global filed involuntary Chapter 7 bankruptcy proceedings against Cobalis. Cobalis converted the case to Chapter 11, but the case was ultimately converted back to Chapter 7 after Cobalis failed to comply with its reorganization plan. Kosmala was appointed as the Chapter 7 bankruptcy trustee, and she entered into a settlement agreement with YA Global on behalf of the estate. The settlement agreement included a release of any claims against YA Global, and provided that,

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

[1] We dismiss Appellant Montenegrex because it failed to show that it has standing to participate in this appeal. *See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012) ("Appellate standing requires that a party be directly and adversely affected by the order of the bankruptcy court – that it diminish the appellant's property, increase its burdens, or detrimentally affect its rights.").

2

following the sale of Cobalis' property, the trustee would execute the Certificate of Dissolution and file it with the Nevada Secretary of State's office immediately upon the closing of Cobalis' bankruptcy case or earlier should the parties so agree. In 2011, the bankruptcy court approved the settlement agreement and authorized the public auction of Cobalis' property. After YA Global made a successful credit bid, the bankruptcy court approved the sale of Cobalis' property and provided that the trustee would cause Cobalis to be dissolved. Cobalis had notice of the motions related to the settlement agreement and the sale of its property but did not oppose them.

Nevertheless, in 2012, over five years after the execution of the financing agreement and one year after the bankruptcy court's orders, Cobalis filed a complaint alleging, for the first time, that the loan provided for usurious interest because, pursuant to the agreement's terms, Cobalis provided YA Global with warrants (i.e., stock options) allegedly worth over $10 million at the time of the initial transaction. Cobalis also alleged an abuse of process claim against YA Global and the trustee related to their seeking to dissolve Cobalis.

At this late stage, Cobalis is estopped from raising the usury claim. Cobalis failed to include this claim in its disclosure statement in the Chapter 11 proceedings, which were confirmed by the bankruptcy court. *See Hamilton v.*

3

*State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001); *Kelley v. S. Bay Bank (In re Kelley)*, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996). Cobalis has not shown why it could not have known enough facts about the potential claim to require disclosure prior to Plan confirmation. *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) ("We recognize that *all* facts were not known to [the debtor] at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court."). Cobalis' bankruptcy and YA Global's interest as a creditor have been litigated for years, and yet Cobalis only now alleges that the loan was usurious or that its stock exceeded the value of the loan. *See Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1099 (9th Cir. 1985) (under equitable estoppel, "a person may be precluded by his act or conduct . . . from asserting a right which he otherwise would have had" (quoting Black's Law Dictionary 483 (5th ed. 1979))). Similarly, Cobalis cannot be permitted to sit on the sidelines during the approval of the settlement agreement and the sale of its property, which included provisions for the trustee to take the specified steps regarding the dissolution of Cobalis, and then later attack that process. There needs to be finality in these bankruptcy proceedings. *See Galt v. Jericho-Britton (In re Nucorp Energy, Inc.)*, 812 F.2d 582, 584 (9th Cir. 1987) (noting that bankruptcy proceedings have "the need for expedient administration of

4

the Bankruptcy estate aided by certain finality of orders issued by the Court in the course of administration" (citation omitted)). In addition, Cobalis failed to plausibly allege an abuse of process claim.

2. Cobalis has been repeatedly warned to stop its frivolous filings. For example, in denying Cobalis' motion for reconsideration of the dismissal of this adversary proceeding, the bankruptcy court noted that Cobalis had "tested the court's patience over the last two years with a never ending stream of motions, which have become progressively more frivolous" and warned that "this may be the last one denied without imposition of sanctions." Indeed, in a related case, the district court sanctioned Cobalis' counsel under Federal Rule of Civil Procedure 11(b) for certifying a motion that was "plainly not warranted by existing law or by a nonfrivolous argument for extending or modifying existing law."

We share these same concerns about Cobalis' litigation in this court. Within 14 days after this memorandum disposition is filed, Cobalis shall show cause in writing why the court should not award attorneys' fees and costs to Appellees under Federal Rule of Appellate Procedure 38 because Cobalis' appeal is frivolous. *See George v. City of Morro Bay (In re George )*, 322 F.3d 586, 591 (9th Cir. 2003) (per curiam) ("An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." (citation omitted)). Appellees may

5

file a response within 14 days after service of Cobalis' response. If any of the Appellees files a response, Cobalis may file a reply within 14 days after service. The principal briefs shall not exceed 5,000 words and the reply shall not exceed 2,500 words. The submissions must otherwise comply with Federal Rule of Appellate Procedure 32. The parties' briefs should consider only the propriety of an award; the briefs should not address the potential amount of any award.

**IT IS SO ORDERED**.

**AFFIRMED**.