NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ROSENGREN,

          Plaintiff-Appellant,

 v.

SF MARKETS, LLC,

          Defendant-Appellee.

No. 23-55666

D.C. No. 2:22-cv-00848-RSWL-PD

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierez, Chief District Judge, Presiding

Submitted June 14, 2024[**]
Pasadena, California

Before: W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

Appellant Maria Rosengren appeals the denial of a motion for reconsideration under Rule 60(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's denial of a motion under Rule 60(b) is reviewed for abuse of discretion. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2006).  "An abuse of discretion occurs if the district court based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (citation omitted).

1.  The district court did not abuse its discretion when it found that there was no excusable neglect and denied relief under Rule 60(b)(1).  Under Rule 60(b)(1), "a party who failed to take timely action due to 'excusable neglect'" may move for relief from a judgment. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993); Fed. R. Civ. P. 60(b)(1).  "With regard to determining whether a party's neglect of a deadline is excusable," courts consider (1) the length of the delay and its potential impact on judicial proceedings, (2) the reason for the delay, (3) the danger of prejudice to the nonmovant, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.* at 395.

Minor delays that last a small number of days and do not "adversely affect[]" the case's ability to proceed may weigh in favor of granting Rule 60(b)(1) relief. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010).  But the delays in this case were months—almost the entire discovery period—which weighs against a finding of excusable neglect. *See Franchise Holding II, LLC. v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  The district court reasonably concluded that the length of Rosengren's delay weighed against a finding of excusable neglect.

2

The reasons Rosengren offers for the delay are all focused on counsel's professional difficulties, but courts "give little weight to the fact that counsel was experiencing upheaval in his law practice." *Pioneer*, 507 U.S. at 398. "The term excusable neglect is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case." *Selph v. Council of City of Los Angeles*, 593 F.2d 881, 884 (9th Cir. 1979), *overruled on other grounds by Andrade v. Att'y Gen. of State of California*, 270 F.3d 743 (9th Cir. 2001) (quotation marks and citation omitted). When circumstances causing the delay are "squarely within [the party's] control" and they "nevertheless fail[] to file an extension," the neglect is not excusable. *Franchise Holding*, 375 F.3d at 927. The district court reasonably found that Rosengren's offered reasons for the delay did not weigh in favor of relief.

Relief would prejudice SF Markets because it already expended considerable effort winning its summary judgment motion on the merits and granting Rule 60(b) relief would require that it duplicate those efforts. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding "minimal" prejudice where the nonmoving party would only lose a "quick victory").

Finally, as to good faith, even assuming arguendo this factor favored Rosengren, it was not unreasonable for the district court to deny Rule 60(b) relief when the balance of the factors disfavored her.

2. Because Rosengren's motion for relief in the district court focused exclusively on Rule 60(b)(1) and failed to argue for relief under Rule 60(b)(6), she has waived that argument. As a general rule, "issues not raised to the district court normally are deemed waived." *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006) (citation omitted). There are a few "narrow exceptions to this general rule" in which the court "may exercise discretion to review newly presented issues." *Id.* (citation omitted). None of those exceptions apply, so the panel will not consider Rosengren's Rule 60(b)(6) arguments.

**AFFIRMED.**