**In re Robert SLIMICK and Maxine Slimick, dba Danken Building, Danken Lounge & Restaurant, Debtor(s).**

**Robert and Maxine SLIMICK, Appellant(s),**

v.

**Stanley E. SILVA, Trustee in Bankruptcy, Appellee.**

**Bankruptcy No. 283–01732 W–7.**
**BAP No. EC 86–2098–AsMoV.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued Oct. 29, 1987.

Submitted Dec. 17, 1987.

Decided June 10, 1988.

---

Richard Lindstrom, Placerville, Cal., for appellants.

Thomas McCampbell, Chico, Cal., for appellee.

## OPINION

Before ASHLAND, MOOREMAN, and VOLINN, Bankruptcy Judges.

CALVIN K. ASHLAND, Bankruptcy Judge:

The debtors Maxine and Robert Slimick appeal from a judgment sustaining trustee's objection to the debtors' claim of exemption. We dismiss the appeal as untimely.

## BACKGROUND

The debtors filed a Chapter 11 bankruptcy on April 21, 1983. The case was converted to a Chapter 7 bankruptcy on February 16, 1984. In their initial schedules the debtors chose the general Federal exemptions pursuant to 11 U.S.C. § 522(b)(1), claiming as exempt the $7,500 for each debtor. They did not specify the property claimed as exempt nor did they request the exemption be set aside in cash.

After conversion of the case to a Chapter 7 and the liquidation of the assets of the estate by the trustee, the debtors sought to amend their schedule B–4 to claim as exempt the proceeds of the sale of the assets, including the sale of a liquor license and various promissory notes. The attempt to amend occurred over two years after filing of the bankruptcy case.

The trustee timely objected to the amendment contending that it was not seasonably made, that the debtors failed to list the property claimed as exempt under 11 U.S.C. § 522 as required by Bankruptcy Rule 4003(a), and that the trustee and the unsecured creditors would be prejudiced.

On June 11, 1985, the trial court heard the trustee's objection and took the matter under submission. The court contemplated the issuance of findings of fact and conclusions of law in the event an appeal was taken.

Six days later, on June 17, 1985, the court filed an order specifically sustaining the trustee's objection. The order was entered on the docket on June 20, 1985. In its order the court recited having reviewed the memoranda filed by the parties and stated its opinion that the trustee's objection should be sustained for the reasons set forth in the trustee's points and authorities filed June 7, 1985.

On July 16, 29 days after entry of the order, the debtors filed a request for findings of fact and conclusions of law. Findings of fact and conclusions of law were filed on October 31, 1985 and entered on the docket on November 5. Then, on November 15, 1985 the trial court filed another order sustaining the trustee's objection. The latter order was entered on the docket on November 19, 1985. On November 25, 1985 the debtors filed a notice of appeal from the latter judgment. The second order did not modify or change the order of June 17, in any way. Therefore, the order of June 17 was the final order. The right to appeal the judgment sustaining the trustee's objection to the debtors' claim of exemption expired ten days after June 20, 1985. *See* Bankruptcy Rule 8002.

## DISCUSSION

Oral argument was held on October 29, 1987 at which time we raised the question of the timeliness of the appeal. We afforded the parties the opportunity to file supplemental briefs. The appellee's supple-

mental brief was filed on December 17, 1987.

▪ A failure to enter findings of fact and conclusions of law with the order does not delay finality of the order or toll the time within which an appeal must be perfected. *In re Dahnken's of Santa Barbara, Inc.,* 11 B.R. 536 (9th Cir. BAP 1981). In *Dahnken,* the appellant filed its notice of appeal 11 days after the order was entered. The appellant alleged that it postponed filing a notice of appeal because it was waiting for the courts' findings. The trial court entered its written memorandum of decision which contained findings of fact and conclusions of law 26 days after the order had been entered. The appellate tribunal in *Dahnken* determined that the appeal was untimely.

▪ Here, the final order was entered June 20, 1985 and the findings were entered on November 5, 1985. We find no merit in the debtors' contention that the order of June 20 was an interlocutory order, a statement of intended decision, or an order subject to a condition because findings were not filed. The findings when filed simply relayed back to the order upon which they were based.

▪ An untimely appeal may be reviewed by an appellate tribunal under the "unique circumstances" doctrine articulated by the Supreme Court. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam); *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Harris Truck Lines v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam). The Ninth Circuit has adopted the "unique circumstances" doctrine to review untimely appeals. *See, United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d 1265 (9th Cir.1985); *Hernandez–Rivera v. Immigration & Naturalization,* 630 F.2d 1352 (9th Cir.1980); *In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028 (9th Cir.1979).

The appropriate circumstance for applying the "unique circumstances" doctrine is when the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity. *United Artists Corp. v. La Cage Aux Folles, Inc.,* 771 F.2d at 1268 citing *Willis v. Newsome,* 747 F.2d 605 (11th Cir.1984). In *United Artists Corp* the appellant relied on the trial court's 60 day extension which was granted beyond its power. The appeal in *Hernandez* was untimely also because the appellant relied on the extension given by the immigration judge. In *Butler* the trial court scheduled argument on the extension request for a date after the extension period expired.

In this case, the trial court did not do anything to mislead the debtors or to cause them to rely on the court's action. The order was properly filed and entered. Therefore, the "unique circumstances" doctrine does not apply. Since the notice of appeal was not filed until November 25, 1985, the appeal is untimely. The appeal is dismissed.

SIDNEY C. VOLINN, Bankruptcy Judge, dissenting:

The judge in effect told the parties that he would get out findings if they wished to appeal. There would not have been any point in adverting to findings in this context unless it was in his mind that the findings were related to finality of the order. To put it otherwise, implicit in court's statement about findings was the notion that their entry was a precondition to an effective appeal. While the court set no time limit on presentation of the findings, appellant can contend that he took the judge at his word in considering that entry of findings by the judge was requisite to an effective appeal.

I would agree that waiting from June to November is a long time. But in fact the debtors requested that findings be entered in July, and the court deferred entering them until November and thereafter entered the order in question.

On this record *United Artist Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265 (9th Cir.1985) is applicable. A party who reasonably and in good faith defers taking action as a result of a court's ruling or statement should not be precluded from being heard on the merits of an appeal. As to the merits, I believe the record does not show that any party in interest, including the creditors, suffered detriment by reason of the deferred claim of exception. They will simply receive a windfall out of the debtor's exempt property.

I therefore respectfully dissent.