TROTT, Circuit Judge:
SUMMARY
Maxine and Robert Slimick, Chapter 7 debtors, appeal from the Bankruptcy Appellate Panel’s (“BAP”) dismissal of their appeal from the bankruptcy court’s decision as untimely. 87 B.R. 98. The BAP found that the notice of appeal was not filed within the ten-day period set by Bankruptcy Rule 8002(a) and no unique circumstances existed warranting review nevertheless. We affirm.
BACKGROUND
On April 21, 1983, the Slimicks filed a Chapter 11 bankruptcy, which was converted on February 16, 1984, to Chapter 7. In their initial schedules, they elected the general federal exemption pursuant to 11 U.S.C. § 522(b)(1), claiming as exempt $7,500 each. They neither specified the property claimed as exempt nor requested that the exemption be set aside in cash.
On March 11, 1985, after liquidation of the estate assets by the trustee, they sought to amend their schedule B-4 to claim as exempt the proceeds of the sale of specified assets, including a liquor license and various promissory notes. The trustee objected to the amendment on the grounds that the debtors had filed it unseasonably and had failed in their original exemption claim to list the property claimed as exempt under section 522 as required by Rule 4003(a), and that the trustee and unsecured creditors would be prejudiced.
On June 11, 1985, the bankruptcy court heard arguments regarding the trustee’s objection and took the matter under submission. At the end of the hearing on the trustee’s objection, the judge said:
What I’m going to do, I just haven’t got the time ... to write a sweet little opinion____
I’m going to just put down “objection sustained” or “overruled.”
And then ... if one of you wants to appeal, then let us know. We’ll have Findings of Fact and Conclusions of Law prepared.
If no one’s going to appeal, I can’t waste our time.
On June 17, 1985, the court filed an Order Sustaining Trustee’s Objection (“Order”) stating that it was “of the opinion that the trustee’s objection ... should be granted for the reasons set forth in [sic] trustee’s points and authorities” and concluding, “IT IS THEREFORE ORDERED that the objection ... is, hereby sustained.”
On July 16, 1985, 29 days after entry of the Order, the Slimicks filed their Request for Findings of Facts and Conclusions of Law. In this document, they recited that the court had “ruled in favor of the trustee” and had “proposed” at the hearing that either party could, as they now did, request findings and conclusions “after the order was made.”
On October 31,1985, the court filed Findings of Fact and Conclusions of Law prepared by the trustee. This document recited that “[o]n June 17, 1985, the Court gave notice of its Order Sustaining Trustee’s Objection.”
On November 15, 1985, the court filed a Judgment On Order Sustaining Trustee’s *306 Objection (“Judgment”), also prepared by the trustee. This document states:
having ruled in favor of the Trustee, sustaining the Objection, and Findings of Fact and Conclusions of Law having been ... filed ..., the Court now enters judgment as follows:
IT IS ORDERED that the Objection filed herein ... be and the same hereby are [sic] sustained, and the amended claim of exemptions is denied. Let judgment be entered accordingly.
Other than in title, the Judgment differed from the Order only in expressly denying the debtors’ amended claim stating that the court “now enters judgment,” and ordering, “Let judgment be entered accordingly”; both documents expressly sustained the trustee’s objection.
On November 25, 1985, within ten days of entry of the Judgment but over five months after entry of the Order, the Slim-icks filed their notice of appeal from the Judgment.
The Bankruptcy Appellate Panel (“BAP”) sua sponte raised the question of the timeliness of the appeal and, after affording the parties the opportunity to file supplemental briefs, dismissed the appeal as untimely. The BAP reasoned that: (1) the Order, not the Judgment, was the final and appealable decision on the objection, so that the notice of appeal was untimely under Rule 8002(a), which sets a ten-day appeal period; and (2) the bankruptcy court had not misled the debtors to believe that they should delay filing their appeal until entry of the findings and conclusions, so that the unique circumstances doctrine did not apply. Bankruptcy Judge Volinn of the BAP dissented, arguing that the bankruptcy judge implicitly believed that entry of findings was a prerequisite for finality of his order and effectiveness of appeal, the debtors could contend they delayed appeal in reliance on the judge’s implicit view, and therefore the doctrine governed.
We agree with the majority and affirm.
DISCUSSION
Initially, we must determine which, the Order or the Judgment, constituted the final, appealable order in this case. If the latter, then the appeal to the BAP was timely; if the former, then it was untimely and we must determine whether the BAP should have nevertheless exercised jurisdiction under the unique circumstances doctrine.
I
Finality and Appealability of Order
28 U.S.C. § 158(a) and (b)(1) grant jurisdiction to the BAP “to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges ...,” and (c) provides that appeals “shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.” Bankruptcy Rule 8001(a) states:
An appeal from a final ... order ... of a bankruptcy judge to a ... bankruptcy appellate panel shall be taken by filing a notice of appeal with the clerk ... within the time allowed by Rule 8002. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal____
Rule 8002(a) provides that “[t]he notice of appeal shall be filed ... within 10 days of the date of the entry of the ... order ... appealed from.” Subsection (c) allows extension of the appeal period for up to twenty days upon request made before the ten-day appeal period expires, or upon request made no more than twenty days after expiration of the ten-day period plus a showing of excusable neglect. Although Rule 8002 thus incorporates some flexibility, we strictly enforce its time provisions. In re Nucorp Energy, Inc., 812 F.2d 582, 584 (9th Cir.1987). The untimely filing of a notice of appeal is jurisdictional. Id. (citing In re Souza, 795 F.2d 855, 857 (9th Cir.1986)).
This appeal raises the recurrent problem of which of two documents filed by a court, both arguably pronouncing the court’s final order in a matter, constitutes *307 the final, appealable order. We start from the proposition that if, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 233, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958); Liberty Mut. Ins. Co. v. Pillsbury, 154 F.2d 559 (9th Cir.1946), cert. denied, 329 U.S. 717, 67 S.Ct. 47, 91 L.Ed. 621 (1946). Accordingly, we must determine whether the Order was the final disposition of the objection to the amended exemption claim.
A disposition is final if it contains “a complete act of adjudication,” that is, a full adjudication of the issues at bar, and clearly evidences the judge’s intention that it be the court’s final act in the matter. Schaefer, 356 U.S. at 234, 78 S.Ct. at 678; Maddox v. Black, Raber-Kief & Assocs., 303 F.2d 910, 911 (9th Cir.1962).[1]
The Order in the present case constituted a complete act of adjudication. The decision it expressed, sustaining the trustee’s objections to the debtors’ amended exemption claim, finally resolved all issues regarding the claimed exemption. It is irrelevant that the Order, unlike the later Judgment, did not expressly deny the debtors’ amended exemption claim; the grant of the objection obviously and necessarily constituted such denial.[2]
The absence of accompanying findings and conclusions did not prevent the Order from fully adjudicating the objection. In Steccone v. Morse-Starrett Products Co., 191 F.2d 197, 200 (9th Cir.1951), we held that the absence of findings of fact required by Fed.R.Civ.P. 52(a) did not undermine the finality of a memorandum opinion that adjudicated all matters in controversy. We explained:
Such an absence of findings would at most stamp the judgment as erroneous, not void, and a determination of its correctness, if sought, would be obtained by appeal. The absence of requisite findings of fact is not such a jurisdictional defect as would prevent an appeal.
See also Johnson v. Wilson, 118 F.2d 557, 558-59 (9th Cir.1941) (bankruptcy court’s order granting judgment and reserving jurisdiction to later file opinion was final and appealable). Because the Order stated that the court based its ruling on the reasons presented in the trustee’s memoranda, the record provided adequate basis for review by the BAP. Also, the absence of findings did not prevent appellants from understanding and considering the court’s reasoning in deciding whether to appeal. See In re Dahnken’s of Santa Barbara, Inc., 11 B.R. 536, 537-38 (9th Cir. BAP 1981) (while not jurisdictional requirement for review, findings serve to facilitate review; failure to file findings does not preclude review if record provides adequate basis for it).
*308 It is irrelevant that the court designated the first disposition an order and the later disposition a judgment. Appealability turns on the effect of the ruling, not the label assigned to it by the trial court. See United States v. Lee, 786 F.2d 951, 955 (9th Cir.1986); Spates v. Manson, 619 F.2d 204, 209 n. 3 (2d Cir.1980).
Having found that the Order constituted a complete act of adjudication, we now consider whether it satisfied the second requirement for finality of a disposition under Schaefer, that the judge intended it be final. Evidence of intent consists of the Order’s content and the judge’s and parties conduct. Schaefer, 356 U.S. at 235-36, 78 S.Ct. at 679-80; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co., 238 F.2d 298, 301 (9th Cir.1956).
The Order on its face evidenced the judge’s intention that it be final. As discussed above, it fully adjudicated the issues at bar. Cf. Schaefer (failure of disposition to resolve all issues at bar is evidence that judge did not intend it to be final). Appellants’ contention that the Order merely stated the court’s “opinion” that the objection should be sustained ignores the fact that the Order proceeded to sustain the objection in language that was immediately operative. Cf. Cedar Creek, 238 F.2d at 300 (disposition ambiguous as to intent where stated judgment “to be entered” and hence did not denote current operation). Although no formal words of judgment are necessary to convey finality, see United States v. Hark, 320 U.S. 531, 534, 64 S.Ct. 359, 361, 88 L.Ed. 290 (1944), we note that the Order, in stating “IT IS THEREFORE ORDERED that the objection ... is, hereby sustained,” contained language typical of a final disposition.[3]
The Order’s content coupled with the judge’s prior statements at the hearing support the view that he intended the Order be final. At the hearing, he advised the parties that he would settle the dispute only by sustaining or overruling the objection, and proceeded to file the Order sustaining the objection.
Appellants urge that the judge intended that the Order merely state his intended decision, or that its finality be contingent upon a party’s request for findings. We disagree. On its face, the Order does not refer to any contingency upon which finality depends, and hence is distinguishable from many of our precedents in this area.[4] The judge’s remarks at the hearing — that he would have findings prepared if a party wished to appeal — did not clearly state the intention urged. While the judge could have filed an order merely stating his intended decision or conditioning finality of his decision on entry of findings, or could have verbally attached such qualifications to the Order as it stood, he did none of these. We presume that a facially final order does not constitute a statement of intended decision or conditional disposition unless the court clearly states that it is such. That the judge set no deadline for submission of a request for findings shows the improbability of his having intended that the Order’s finality depend upon such a request, for this could have rendered the Order indefinitely interlocutory.[5]
Although a formal judgment is prima facie the final decision and we do not assume that a judge did a useless act or acted *309 indirectly to extend the appeal time, Schae-fer, 356 U.S. at 235, 78 S.Ct. at 679; Cedar Creek, 238 F.2d at 301, the evidence shows that the judge intended that the Order be final. His action in filing the later Judgment seems merely to reflect his effort to satisfy the Separate Judgment Rule codified in Rule 9021.
The appeal was technically untimely.
II
Applicability of Unique Circumstances Doctrine
The Supreme Court articulated the unique circumstances doctrine in three per curia decisions, see Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964); Thompson v. INS, 375 U.S. 384, 84 5. Ct. 397, 11 L.Ed.2d 404 (1964); Harris Truck Lines v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and recently returned to it in Oster-neck v. Ernst & Whinney, 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989).
In Thompson, petitioner filed with the district court an untimely motion for new trial. In reliance on the court’s explicit statement that the motion was timely, petitioner did not appeal the original judgment and appealed only the later denial of the new trial motion. The Court found that “unique circumstances” warranted review because petitioner’s motion, if timely, would have tolled the appeal period and petitioner relied on the court’s statement that the motion was timely in delaying appeal.
If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment ..., the time for appeal for all parties shall run from the entry of the order ... granting or denying any ... such motion. A notice of appeal filed before the disposition of ... the above motion[ ] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion____
In Osterneck, petitioners timely filed a postjudgment motion for prejudgment interest without specifying whether it was a motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment. While the motion was pending, petitioners filed a notice of appeal from the judgment. Several months later, the court granted the motion for interest and filed an amended judgment, which petitioners did not appeal. After finding that the postjudgment motion was under Rule 59(e) so that it rendered the appeal notice ineffective (pursuant to Fed.R.App.P. 4(a)(4)), the Court held that the court of appeals had correctly declined to apply Thompson to excuse the failure to file an effective appeal notice.[6] The Court explained:
Thompson applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done. That is not the case here.
Osterneck, 109 S.Ct. 987, 993 (emphasis added).[7]
In the instant case, the bankruptcy court neither explicitly extended the deadline for appeal from the Order nor specifically assured appellants that the appeal period would not begin until entry of findings. Accordingly, the unique circumstances doctrine is inapplicable.
Appellants urge that the BAP should have exercised jurisdiction under our formulation of the unique circumstances doctrine in United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265 (9th Cir. *310 1985). In that case, we stated that unique circumstances warranting review of an untimely appeal exist when
the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.
Id., 771 F.2d at 1268 (citing Willis v. Newsome, 747 F.2d 605, 606 (11th Cir.1984) (per curiam)). We think this statement of the doctrine too broad in light of Osterneck, which emphasizes that the doctrine applies only where a court has affirmatively assured a party that its appeal will be timely.[8] See Green v. Bisby, 869 F.2d 1070, 1072 (7th Cir.1989).
In other words, ambiguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification. Here, appellants should have asked the judge to clarify whether the Order was final and appealable.
Ill
CONCLUSION
The appeal was technically untimely and no unique circumstances warranted its allowance. Accordingly, the BAP’s opinion dismissing the appeal is affirmed.

. In an ordinary civil case, a complete act of adjudication "‘ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' ” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74, 101 S.Ct. 669, 673-74, 66 L.Ed.2d 571 (1981) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)) (statement superseded as to finality of certain arbitration orders by 9 U.S.C. § 15, see Thomson McKinnon Sec., Inc. v. Salter, 873 F.2d 1397, 1398-99 (11th Cir.1989)). In contrast, in bankruptcy, a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie. See In re White, 727 F.2d 884, 885 (9th Cir.1984). The parties agree that adjudication of the trustee’s objection to the debtors' amended exemption claim constituted a complete act of adjudication, and case law supports this. See id. Accordingly, we do not discuss at length the issue of whether denial of the amended claim is ap-pealable but rather we focus on the issue of whether the Order constituted a final denial of the claim.

. Thus, this case is distinguishable from those cases in which we have held that an order granting a motion to dismiss but not dismissing the case was not final. While the sustaining of the objection here necessarily simultaneously denied the amended exemption claim, the granting of a motion to dismiss might leave outstanding claims and so does not necessarily dispose of the entire case. See Monarch Brewing v. George J. Meyer Mfg. Co., 130 F.2d 582, 583 (9th Cir.1942) (judgment granting summary judgment motion and ordering that plaintiff take nothing by action, not earlier order granting motion, was final disposition of case).

. We repeat our suggestion in Reynolds v. Wade, 241 F.2d 208, 210 (9th Cir.1957), “that trial courts should observe caution to avoid in opinions language which speaks in the present tense and contains words of judgment if the words are not intended to be presently operative or subject to the construction of a direction to enter.”

. See Maddox, 303 F.2d 910 (order reading "Judgment for Petitioner. Counsel for Petitioner to prepare Findings of Fact, Conclusions of Law, and Judgment” not final); Munich v. United States, 330 F.2d 774, 775 (9th Cir.1964) (order denying motion to vacate sentence and reciting that “[t]he Government will prepare and lodge appropriate findings and all other documents necessary for the disposition of these proceedings” not final).

. In these circumstances, it is not especially important that when appellants filed their Request for Findings neither the judge nor appel-lee pointed out that the appeal deadline had passed or that the judge later filed a formal judgment prepared by the appellee. Appellants filed their Request when they still could have sought an extension for excusable neglect, so the court would not have found the Request untimely.

. Fed.R.App.P. 4(a)(4) provides:

. Recent decisions of the Court have left in doubt the viability of the unique circumstances doctrine. See Houston v. Lack, 487 U.S. 266, 282, 108 S.Ct. 2379, 2388, 101 L.Ed.2d 245 (1988) (Scalia, J., joined by Rehnquist, Ch. J., and O’Connor and Kennedy, JJ., dissenting) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)) (citing Browder v. Director, Department of Correction of Illinois, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)) ("Our later cases ... effectively repudiate the Harris Truck Lines approach, affirming that the timely filing of a notice of appeal is 'mandatory and jurisdictional.’”). However, because the Court refrained from repudiating the doctrine in Os-temeck and has not otherwise explicitly overruled it, we continue to apply it.

. Many of the cases in which we have applied the unique circumstances doctrine to support review of untimely appeals involve facts warranting the doctrine’s application under Osterneck, even though the cases appear to advocate a more lenient standard than that stated in Osterneck. See United Artists, 771 F.2d 1265, 1267-70 (9th Cir.1985) (appellant timely sought extension of appeal deadline, and judge erroneously suggested sixty-day extension because of conflicts in judge’s own schedule); National Indus., Inc. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258, 1264 (9th Cir.1982) (district court extended appeal period based on erroneous finding of excusable neglect before period ended and, after it ended, reversed finding and quashed extension); Hernandez-Rivera v. INS, 630 F.2d 1352 (9th Cir.1980) (judge erroneously granted appeal extension though lacked power to extend). The result in at least one of our precedents is inconsistent with Osterneck, however. See Barry v. Bowen, 825 F.2d 1324, 1327-29 (9th Cir.1987) (appellant relied on district court’s erroneous consideration of appellee's untimely Rule 59(e) motion and entry of amended judgment before appeal period expired). It is unclear whether other of our precedents would be decided differently under Osterneck. See, e.g., In re Estate of Butler’s Tire & Battery Co., 592 F.2d 1028, 1031-34 (9th Cir.1979) (bankruptcy court scheduled argument on appellant’s request for appeal extension after appeal period ended).