HUG, Chief Judge:
This case asks us to determine whether the appellants’ untimely filing of their notice of appeal is excused because the bankruptcy court failed to follow the separate judgment rule of Bankruptcy Rule 9021. The appellants missed the deadline to file their notice of appeal in bankruptcy court, and the district court determined that it was accordingly without jurisdiction to entertain the appeal and dismissed the action. The appellants now contend that their notice of appeal was timely filed because the bankruptcy court failed to enter a separate judgment, under *419 Bankruptcy Rule 9021, and that therefore, the clock never started running with respect to the ten days in which the notice of appeal must be filed. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
I.
The appellants are a group of former employees of General Contractors Inc. (“GCI”) who filed a qui tarn action under the False Claims Act (“FCA”), 31 U.S.C. §§ 3729-3731, in the Eastern District of Washington.[1] The appellants’ suit alleged that GCI, along with Ed and Mary Jo Schimmels, GCI’s president and assistant treasurer respectively, defrauded the federal government by failing to compensate their employees properly. Specifically, the suit alleged that GCI and the Sehimmels violated the Davis-Bacon Act, 40 U.S.C. § 276a, by over-deducting from employees’ paychecks for health care, deducting portions of employees’ paychecks for a training program that was incapable of being used to train GCI employees, and refusing to pay overtime.[2] These violations defrauded the federal government out of several thousand dollars in payroll taxes, Social Security taxes, and unemployment and workers compensation payments. GCI settled with the appellants, and the Sehimmels were left as the only remaining defendants.
On March 12, 1993, the District Court for the Eastern District of Washington entered partial summary judgment for the appellants. The court held that the Sehimmels had submitted 149 separate false claims over a period of four years and that the false statements had defrauded the federal government out of $14,958.16. The court reserved ruling on the amount of the mandatory statutory civil penalty it would impose (between $5,000 to $10,-000 for each violation—with potential liability of over $2 million). With two other motions for summary judgment pending and scheduled for oral argument, the Sehimmels filed a Chapter 11 bankruptcy petition in Reno, Nevada. The district court entered an order staying the suit pursuant to 11 U.S.C. § 362(a).[3]
After unsuccessfully attempting to gain relief from the automatic stay in order to pursue an entry of final judgment in the FCA action, the appellants filed an adversarial proceeding in the bankruptcy court in order to establish the nondischargeability of the FCA debts. On January 4, 1994, the bankruptcy court granted a motion for summary judgment by the Sehimmels and held that the debt was dischargeable. The appellants filed a timely motion for reconsideration on January 14, 1994. This tolled the time for appealing the order for summary judgment until the bankruptcy judge ruled on the motion to reconsider. The bankruptcy judge entered an order denying the motion for reconsideration on April 6,1994.
The appellants had ten days, commencing on April 7, to file a notice of appeal. *420 See Bankr.R. 8002(a); Bankr.R. 9006(a). The ten days expired on April 16, a Saturday. Therefore the deadline was automatically extended to Monday, April 18, 1994. Bankr.R. 9006(a). Because the court mailed the order denying the motion for reconsideration to the parties, the appellants mistakenly believed that Bankruptcy Rule 9006(f), which gives three additional days to undertake a proceeding when notice is served by mail, extended the time to file a notice of appeal until April 19.[4] Accordingly, the appellants filed their notice of appeal on Tuesday, April 19 — one day late.
The Schimmels filed a motion to dismiss the appeal as untimely in the United States District Court for the District of Nevada. The appellants conceded that they incorrectly interpreted Rule 9006(f) as extending the deadline. The appellants contended, however, that the clock did not begin to run on April 7, 1994, because the bankruptcy court did not enter a separate judgment as required by Bankruptcy Rule 9021. The district court agreed that the bankruptcy court failed to enter separate judgments pursuant to Rule 9021 but nonetheless dismissed the appeal as untimely, holding that the appellants had waived this contention by treating the court’s order as a final judgment. We affirm the dismissal on the ground that the judgments entered by the bankruptcy court did comply with the separate judgment requirement of Rule 9021.
II.
The Bankruptcy Rules state:
Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in eases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document.
Bankr.R. 9021. The separate document rule of Bankruptcy Rule 9021 is identical to Federal Rule of Civil Procedure 58. Reid v. White Motor Corp., 886 F.2d 1462, 1468 (6th Cir.1989), cert. denied, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); In re Seiscom Delta, Inc. (Seiscom Delta, Inc. v. Two Westlake Park), 857 F.2d 279, 285 (5th Cir.1988); In re Kilgus (Reichman v. United States Fire Ins. Co.), 811 F.2d 1112, 1117 (7th Cir.1987); see also Fed.R.Civ.P. 58 (“Every judgment shall be set forth on a separate document.”).
A bankruptcy court is required to enter a separate judgment for every final disposition. Bankr.R. 9021. Bankruptcy Rule 9001(7) defines a “judgment” as “an appealable order.” For the purposes of this rule, a “judgment” and an “order” are interchangeable — both are appealable and must be recorded as a separate document. See Beaudry Motor Co. v. Abko Properties, Inc., 780 F.2d 751, 755 n. 3 (9th Cir.), cert. denied, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986); In re Pederson (Pederson v. Stedman), 78 B.R. 264, 265 (9th Cir. BAP 1987), aff'd, 875 F.2d 781 (9th Cir.1989). “A separate document means one separate from an opinion or memorandum of the court.” In re Rehbein (Horton v. Rehbein), 60 B.R. 436, 439 (9th Cir. BAP 1986) (citing Calhoun v. United States, 647 F.2d 6, 9 (9th Cir.1981)).
In In re Slimick (Slimick v. Silva), 928 F.2d 304 (9th Cir.1990), the bankruptcy court held a hearing on an objection by a trustee to a debtor’s request to exempt certain assets. Id. at 305. The court entered an “Order Sustaining Trustee’s Objection” stating that it was “of the opinion that the trustee’s objection ... should be granted for the reasons set forth in trustee’s points and authorities” and concluding, “IT IS THEREFORE ORDERED that the objection ... is, hereby sustained.” Id. Several months later, at the debtor’s request, the bankruptcy court entered Findings of Fact and Conclusions of Law and a separate judgment sustaining the objection. The debtor appealed to the Ninth Circuit’s Bankruptcy Appellate Panel which dismissed the appeal as untimely. This court affirmed and held that the initial order was the final appealable order and that the later Findings of Fact and judgment were irrelevant. Id. at 307. Although Slimick did not discuss the separate judgment rule in depth, *421 implicit in the opinion was a conclusion that the earlier order satisfied the separate judgment requirement of Rule 9021. Id. at 309.
The purpose of the separate judgment rule is “to promote certainty as to the relatively short time that a party has to appeal a final order.” In re San Joaquin Roast Beef (Ford v. Union Bank), 7 F.3d 1413, 1417 (9th Cir.1993). A separate judgment is required in order to eliminate “uncertainties as to when a judgment is entered” and when the time for appeal begins. United States v. Indrelunas, 411 U.S. 216, 219, 93 S.Ct. 1562, 1563, 36 L.Ed.2d 202 (1973); Rehbein, 60 B.R. at 439. “Wherever the rules establish a time requirement that limits a litigant’s ability to obtain relief from a final judgment, it is imperative that the ... court provide a clear signal that the time period within which that relief can be sought has begun to run.” Carter v. Beverly Hills Sav. & Loan Ass’n, 884 F.2d 1186, 1189 (9th Cir.1989), cert. denied, 497 U.S. 1024, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990).
The separate judgment rule does not always require the filing of two separate documents. As Slimick made clear, when a court enters a short order that clearly constitutes a final decision, that short order meets the separate judgment rule. Similarly, if a court grants a summary judgment without writing an opinion or memorandum, then the order granting summary judgment is enough to meet the separate document requirement.
[The separate judgment rule] does require every judgment to be set forth on a separate document. Appellant, however interprets this to mean that two documents are required in all cases. This is unfounded. [The separate judgment rule] applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as “defendant’s motion for summary judgment is granted.” In such a situation, a judgment must be set out on a document separate from the opinion or memorandum.
United States v. Clearfield State Bank, 497 F.2d 356, 358-59 (10th Cir.1974); cf. Mitchell v. Idaho, 814 F.2d 1404, 1405 (9th Cir.1987) (holding that an eight page order discussing the facts and law of the case while detailing the reasons for the court’s decision was not a separate judgment). The separate judgment rule requires that the court enter a judgment or an order—it does not require that a court enter an initial memorandum or opinion.
In this case the bankruptcy court entered an order entitled “Order Granting Summary Judgment,” on January 4, 1994. The order read, in its entirety:
The matter of Debtor’s Motion for Summary Judgment on the First Amended Complaint to Determine Dischargeability filed by the [appellants] having come for hearing on December 2, 1993, Debtors appearing with their counsel, Alan R. Smith, Esq., and the [appellants] appearing through their counsel, John R. Martz, Esq., and it appearing that the [appellants] failed to timely respond to the subject Motion, said failure not being attributable to excusable neglect, and the Court having considered the tardy motion for extension of time filed by the [appellants] and denying the same, and the Court having considered the preliminary response filed by the [appellants] without supporting affidavits, and the Court having considered the arguments of counsel, it is therefore
ORDERED that summary judgment is granted in favor of the Debtors and against the [appellants] on each of the nine causes of action as set forth in the First Amended Complaint to Determine Dischargeability filed by the [appellants].
This order was not followed by an additional document entering judgment.
The appellants, however, recognized that the order granting summary judgment was the bankruptcy court’s final disposition of the case and timely filed a motion for reconsideration. The bankruptcy court entered an order entitled “Order Denying Motion for Reconsideration of Order Granting Debtor’s Motion for Summary Judgment” on April 6, 1994. This order read, in its entirety:
The Court having considered the [appellants’] Motion for Reconsideration of the Court’s Order dated January 4, 1994 granting Debtor’s Motion for Summary Judgment on the [appellants’] First Amended Complaint to determine dis *422 chargeability, the Debtors’ opposition thereto, and the Court having heard the arguments of counsel at a hearing on February 23,1994,
IT IS HEREBY ORDERED that the [appellants’] Motion for Reconsideration of the Order dated January 4, 1994 granting debtors’ motion for summary judgment is DENIED.
Again the bankruptcy court did not enter an additional document entering judgment. The appellants, however, again recognized that this was the court’s final disposition of the case and filed a notice of appeal (albeit, one day late). The appellants allege that these orders did not start the time for filing a notice of appeal because the bankruptcy court never entered separate judgments as required under Bankruptcy Rule 9021. We disagree.
On appeal, the appellants rely on Indrelunas, 411 U.S. at 219-22, 93 S.Ct. at 1563-65, and Reid, 886 F.2d at 1468-69, for the proposition that two separate documents must always be filed in order to satisfy the separate judgment rule. We find these cases inapposite to the current situation. In both Indrelunas and Reid, the lower court filed an extensive opinion explaining its disposition. After filing such an opinion, the court failed to enter a separate judgment or order. In this case, the bankruptcy court has entered an order without filing an opinion.
We conclude that both of the orders entered by the bankruptcy court are separate judgments within the meaning of Bankruptcy Rule 9021. The order granting summary judgment is a brief order that gives no detailed explanations and does not contain an opinion or a memorandum. The mere fact that the order contains a single sentence detailing the history of the proceedings does not disqualify it as a separate order. See Laidley v. McClain, 914 F.2d 1386, 1390 (10th Cir.1990) (holding that a summary judgment order containing a single sentence adopting the report of a magistrate met the separate judgment rule and did “not require that two documents be used instead of one”). Furthermore, the document was clearly intended as the final disposition of the case, stating: “[I]t is therefore ORDERED that summary judgment is granted....” There was no possibility that appellants would be misled. In fact they clearly relied upon the document as a final separate judgment by filing a timely motion for reconsideration.
Similarly, the order denying the motion for reconsideration is a final separate order. The order contains only a one-sentence recitation of the procedure, documents, and arguments considered by the court in denying the motion. There is no explanation of the reasoning of the court. The order clearly disposes of the motion for reconsideration. There was no possibility that the appellants would be misled into believing that this was not a final order from which the time for appeal would run. In fact, the appellants admit that they considered the order as the final judgment from which the time for appeal ran. Their tardiness in filing a notice of appeal was based on a misreading of Bankruptcy Rule 9006(f) and a mistaken belief that the time for appeal had been extended by three days. Both orders meet the requirements of Bankruptcy Rule 9021. The appeal was untimely and the district court lacked jurisdiction to hear the appeal. See In re Saunders (Saunders v. Band Plus Mortgage Corp.), 31 F.3d 767, 767 (9th Cir.1994).

AFFIRMED.

. The FCA provides for the recovery of civil penalties from those who knowingly present a false or fraudulent claim to the federal government for payment, or knowingly use a false record to avoid or decrease an obligation to pay the federal government. 31 U.S.C. § 3729(a)(1). The FCA’s qui tam provisions allow a private person to sue in the name of the United States and to share in any penalty recovered. Id. § 3730(b). In addition to treble damages, the FCA requires a court to award not less than $5,000 and not more than $10,000 for each false claim or statement submitted to the government, even if no damages were caused by the false submissions. Id. § 3729(a).

. The Davis-Bacon Act requires contractors on all federally assisted construction projects to pay their employees the “prevailing wage," as specified by the United States Department of Labor, in cash, or in contributions to bona fide employee benefit plans. 40 U.S.C. § 276a. Contractors must pay their employees in compliance with the Act and must certify their compliance on a weekly basis. Payment of federal funds to the contractors are expressly contingent upon receipt of the contractors’ weekly certifications of Davis-Bacon Act compliance. Id. §§ 276a-l, 276c; see also 29 C.F.R. §§ 5.9-5.12.

. Section 362(a) states that the filing of a petition for bankruptcy;
operates as a stay, applicable to all entities, of (1) the commencement of continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding].

. It is well established through case authority that Bankruptcy Rule 9006(f) does not apply to the ten-day appeal period of Bankruptcy Rule 8002(a). E.g., In re Arbuckle (Arbuckle v. First Nat’l Bank), 988 F.2d 29, 31 (5th Cir.1993).