ORDER

Henry P. Giovanni, a creditor in this Chapter 13 bankruptcy proceeding, appeals from the Bankruptcy Appellate Panel’s (“BAP”) order that dismissed his appeal from the bankruptcy court’s order that denied his motion to extend the time to appeal pursuant to Fed. R. Bankr.P. 8002(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(l), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).
The Chapter 13 proceeding was commenced on July 16, 1999, and a garnish *167 ment proceeding was instituted by Giovanni on October 6, 2001, without receiving any prior modification of the automatic stay. Upon the filing of a Suggestion of Stay on October 15, 2001, a significant amount of correspondence ensued between counsel for the debtor and Giovanni. In addition, after the filing of the Suggestion of Stay, Giovanni issued a collection letter to the debtor. Upon notification of a bankruptcy filing, parties that have commenced collection action are obligated to take affirmative steps to cease collection, including any legal processes they have instituted in state court. Because Giovanni failed to take affirmative steps to stop the collection proceeding and persisted in his pursuit of the debtor prompting the filing of a stay violation litigation, the bankruptcy court found Giovanni liable for his violations of the 11 U.S.C. § 362 automatic stay and assessed money damages against him. The bankruptcy court’s judgment was entered on May 30, 2002, and mailed to Giovanni on June 2, 2002.
Bankruptcy Rule 8002(a) requires that a notice of appeal must be filed within ten days after entry of an order. Giovanni did not immediately file a notice of appeal from the May 30, 2002, judgment. Instead, on June 25, 2002, Giovanni filed a motion to extend the time for appeal pursuant to Fed. R. Bankr.P. 8002(c)(2). Giovanni claimed that he could not file a timely notice of appeal due to his having not received a copy of the judgment order entered on May 30, 2002, in time to file the notice due to his having been out of town, and also due to his inability to hire legal counsel. The bankruptcy court denied the motion in an order entered on the bankruptcy court docket sheet on December 20, 2002. The bankruptcy court docket sheet indicates that a copy of the December 20 order was mailed to Giovanni on December 22, 2002.
Giovanni filed a notice of appeal on January 3, 2003, and on January 13, 2003, the bankruptcy court transmitted the appeal to the BAP. The BAP dismissed the appeal as late. Giovanni filed a motion for rehearing of the BAP’s order. In support of this motion, Giovanni questioned why the bankruptcy clerk waited until December 22 to mail him a copy of the December 20 order and why the BAP did not notify him that his appeal was late within the twenty-day period for seeking an extension pursuant to Rule 8002(e)(2). The BAP denied Giovanni’s request for a rehearing in an order filed March 25, 2003. This appeal followed.
The BAP’s determination regarding jurisdiction is reviewed de novo. See Paul-man v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 576 (9th Cir.1998). Because Giovanni’s notice of appeal was not filed within ten days of the bankruptcy court’s December 20, 2002, order, the BAP properly dismissed his appeal for lack of jurisdiction. See Fed. R. Bankr.P. 8002(c)(2).
Accordingly, the BAP’s order dismissing Giovanni’s untimely bankruptcy appeal for lack of jurisdiction is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.