**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0103n.06

Case No. 16-3790

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Feb 13, 2017

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SCHWAB INDUSTRIES, INCORPORATED, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| HUNTINGTON NATIONAL BANK, HAHN LOESER & PARKS, and ANDREW KRAUSE, | ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, SILER, and DONALD, Circuit Judges.

**SILER**, Circuit Judge. Schwab Industries, Inc. ("Schwab Inc.") appeals from the district court's grant of motions to dismiss the case for want of jurisdiction. Schwab Inc. filed its appeal in the district court two days after the statutory deadline for appeals from bankruptcy-court orders and judgments. We **affirm** the district court's order dismissing the bankruptcy appeal because the district court lacked jurisdiction over the untimely appeal.

I.

In 1992, Jerry Schwab retained attorney Andrew Krause to prepare an irrevocable trust. The trust agreement identified Huntington Trust Company of Florida, an affiliate of Huntington National Bank (the "bank"), as the trustee. Jerry Schwab's business, Schwab Inc., entered into an agreement with the bank, stipulating that Schwab Inc. would pay on the life-insurance policies that were assets of the trust. In exchange for payment of the premiums, the bank granted Schwab

Inc. a collateral interest in those life-insurance policies. *See Schwab v. Huntington Nat'l Bank*, 516 F. App'x 545, 546 (6th Cir. 2013) (reciting underlying facts). After forming the trust, Krause joined Hahn Loeser & Parks, LLP (the "firm"). In 2009, Jerry Schwab advised the bank that the advisory committee for the trust intended to assign some life-insurance contracts to certain secured creditors. The bank retained Krause to review the proposed action and provide an opinion on it.

In 2010, the firm filed a voluntary bankruptcy petition under Chapter 11 on behalf of Schwab Inc. *See id.* The bankruptcy court authorized the sale of certain assets and approved the assignment of some contracts and leases. The case involving Schwab Inc.'s bankruptcy is ongoing.

In 2014, Schwab Inc. filed a lawsuit against the bank, firm, and attorneys affiliated with the firm ("Defendants"), alleging various state-law claims. Defendants removed the case to the bankruptcy court, thereby creating separate adversary proceedings involving the bank and firm. Schwab Inc. moved to remand and withdraw the bankruptcy reference, which the bankruptcy court denied in 2014. Defendants filed a motion for sanctions, which is still pending before the bankruptcy court.

Schwab Inc. filed separate notices of appeal to the district court, challenging the orders denying remand and withdrawal. While that appeal was pending, the bankruptcy court consolidated the adversary proceedings. Observing that Schwab Inc. failed to move for leave to file an interlocutory appeal, the district court nevertheless reviewed the appeal as if properly filed and found "no basis to permit an interlocutory appeal in these matters." *Schwab Indus. v. Huntington Nat'l Bank*, Nos. 5:14CV2578, 5:14CV2586, 2015 U.S. Dist. LEXIS 65848, at *7 (N.D. Ohio May 19, 2015).

On September 21, 2015, the bankruptcy court granted motions to dismiss on grounds that Schwab Inc. lacked standing. On October 7, 2015—16 days after entry of the order—Schwab Inc. moved for leave to file an interlocutory appeal from the orders denying remand and dismissal. The district court denied the motion as moot because the orders are "final." According to the district court, the pending sanctions motion is "collateral to the merits" and did not affect the finality of the bankruptcy court's orders. After accepting the case as a direct appeal, the district court set a briefing schedule.

In 2016, the district court granted motions to dismiss the appeal as untimely because the notice of appeal was filed two days late. *Schwab Indus. v. Huntington Nat'l Bank*, No. 5:15-cv-2098, 2016 U.S. Dist. LEXIS 83284, at *3–4 (N.D. Ohio June 24, 2016).

## II.

A federal court must determine whether it has jurisdiction before reaching the merits of a case. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). The appellant has the burden of establishing that the appellate court has jurisdiction to hear the case. *Melendres v. Maricopa Cty.*, 815 F.3d 645, 649 (9th Cir. 2016). A statutory deadline to file an appeal is "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted). We review de novo questions about jurisdiction. *Internal Revenue Serv. v. Hildebrand* (*In re Brown*), 248 F.3d 484, 486 (6th Cir. 2001).

## III.

Schwab Inc. argues that the district court erred in deeming final the bankruptcy court's orders because the Constitution and relevant statutes preclude the bankruptcy court from entering a final order on non-core bankruptcy proceedings. Schwab Inc. contends that the bankruptcy

court had no authority to issue a final order on the state-law claims. The district court's order setting a briefing schedule for the appeal, Schwab Inc. asserts, tainted the entire appeal because the district court erred in concluding that a final order had issued from which the appeal was sought. Schwab Inc. argues that the timing of its appeal is immaterial because the issue presented is whether the bankruptcy court had the capacity to enter final judgment on the claims. According to Schwab Inc., the district court erroneously concluded, without analysis or briefing, that the appealed judgments are final.

We affirm without addressing the district court's conclusion on finality because Schwab Inc. filed its appeal two days late without excuse. True, "Article III prevents bankruptcy courts from entering final judgments on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exis[t] without regard to any bankruptcy proceeding.'" *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941 (2015) (quoting *Stern v. Marshall*, 564 U.S. 462, 498 (2011)). But before the underlying merits can be addressed, the appeal must be timely and the appellate court must have jurisdiction to review the matter. *Bowles v. Russell*, 551 U.S. 205, 210 (2007) ("[T]he courts of appeals routinely and uniformly dismiss untimely appeals for lack of jurisdiction."); *Giovanni v. Johnson (In re Johnson)*, 82 F. App'x 166, 167 (6th Cir. 2003) ("Accordingly, the BAP's order dismissing Giovanni's untimely bankruptcy appeal for lack of jurisdiction is affirmed.").

"[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). "Compliance with the [14-day] filing rule is a jurisdictional requirement." *Crider v. Dobbs (In re Crider)*, No. 98-2376, 2000 U.S. App. LEXIS 2098, at *7 (6th Cir. Feb. 10, 2000). Exceptions exist for untimeliness, but none are relevant in this case. *See Schwab Indus.*, 2016 U.S. Dist. LEXIS

83284, at *4 ("Here, appellant filed no motion with the bankruptcy court (or with this Court) seeking an extension of time."); *see also French v. Phoenix Corp.* (*In Re Phoenix Corp.*), Nos. 95-6679, 96-5024, 1997 U.S. App. LEXIS 19193, at *12 (6th Cir. July 22, 1997) (noting an exception for "substantial compliance," which is not alleged here). "Cases interpreting Rule 8002 hold that it shall be strictly construed and that failure to timely file is a jurisdictional [requirement] that precludes a district court from reaching the merits." *Willis v. Sicherman*, 904 F.2d 709, No. 89-3482, 1990 U.S. App. LEXIS 9487, at *3–4 (6th Cir. Jun. 11, 1990) (unpublished table decision) (citations omitted); *see also Walker v. Bank of Cadiz* (*In re LBL Sports Center, Inc.*), 684 F.2d 410, 412 (6th Cir. 1982) ("[A] district court lacks jurisdiction over an appeal that is not timely filed pursuant to Rule [8002(a)].").

Whether the bankruptcy court's actions are final is not relevant or essential to decide the issue of timeliness. The reticent analysis by the district court reflects that little needs to be said when an appeal is untimely. That Schwab Inc. declines to brief untimeliness or proffer an excuse is salient and dispositive on a record without contradiction. Schwab Inc. filed its notice of appeal two days after the deadline and provides no explanation for how the district court—sitting in an appellate instance—could exercise jurisdiction to review the bankruptcy appeal.

**AFFIRMED**.